IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD E. PROCTOR, JR., :

Plaintiff, :

v. : Civ. No. 04-864-JJF

TIM MARTIN, C/O P. RODERIGUEZ, C/O D. SCOTT, LT. L. SALAS, C/O WILLEY, CPL. T. WILLIAMS, and C/O JAMES WOOD, :

Defendants.

---

RONALD E. PROCTOR, JR., :

Plaintiff, :

v. : Civ. No. 04-946-JJF

C/O PHELPS, and SGT. TOWNSEND, :

Defendants :

---

RONALD E. PROCTOR, JR., :

Plaintiff, :

v. : Civ. No. 04-1241-JJF

SGT. W. FAUST, C/O JOHN DOE, C/O CONVENTRY, and C/O SHAW, :

Defendants,

---

RONALD E. PROCTOR, JR., :

Plaintiff, :

v. : Civ. No. 04-1242-JJF

C/O ONEY, C/O WOODS, T. MARTIN, J. P. HARVEY, and DR. BROWN, :

Defendants,

---

RONALD E. PROCTOR, JR., :

Plaintiff, :

v. : Civ. No. 04-1243-JJF

C/O G. COVENTRY, SGT. W. FAUST, LT. SALAS, LT. JOHN DOE I, and DR. BROWN, :

Defendants. :

---

RONALD E. PROCTOR, JR, :

Plaintiff, :

v. : Civ. No. 04-1370-JJF

C/O S. MCCAIN, SGT. WALLACE, LT. SEACORD, PARALEGAL BRIAN D. ENGREM, and CPL. L. M. MERSON, :

Defendants. :

---

**MEMORANDUM AND ORDER**

Plaintiff Ronald E. Proctor, Jr., SBI #163750, is a pro se litigant who is presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiff has filed these actions pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I. PROCEDURAL HISTORY**

Plaintiff is a frequent filer, who has accumulated six "strikes" in accordance with the provisions of 28 U.S.C. §

1915(g).[1] As a result, Plaintiff may no longer be granted leave to proceed in forma pauperis unless, at the time he files the Complaint, he is in imminent danger of serious physical injury or death. Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

**A. Proctor v. Martin, Civ. No. 04-846-JJF**

Plaintiff filed the Complaint in Proctor v. Martin, Civ. No. 04-846, JJF, on July 14, 2004. (D.I. 2) On that date, Plaintiff also filed a Motion to Consolidate his cases. (D.I. 3) On August 19, 2004, Plaintiff filed a "Motion to Amend Clerical Error." (D.I. 7) Plaintiff indicates that Defendant Martin's first name is spelled "Tim," and requests that the Court amend the caption to correct the spelling. (Id.) The Court construed this motion as an Amended Complaint pursuant to Fed. R. Civ. Pro. 15(b)(a). The Clerk of the Court has already amended the caption of the above referenced complaint. On August 31, 2004, the Court granted Plaintiff leave to proceed in forma pauperis in Proctor v. Martin, Civ. No. 04-846-JJF, D. Del. (filed July 14, 2004), and ordered Plaintiff to file a certified copy of his prison

---

[1] Plaintiff, while incarcerated, has filed at least six (6) civil actions that have been dismissed as frivolous, or for failure to state a claim upon which relief may be granted. See Proctor v. Scott, Civ. No. 88-415-MMS (dismissed December 12, 1988); Proctor v. Watson, Civ. No. 88-417-MMS (dismissed December 12, 1988); Proctor v. Haley, Civ. No. 88-418-MMS (dismissed December 12, 1988); Proctor v. Avanzato, Civ. No. 88-420-MMS (dismissed December 12, 1988); Proctor v. Gaddis, Civ. No. 88-421-MMS (dismissed December 12, 1988); and Proctor v. Brasure, Civ. No. 01-013-JJF (dismissed January 8, 2001).

trust account statement within thirty days, or the complaint would be dismissed. (D.I. 8) On October 13, 2004, the Court dismissed the Complaint because Plaintiff failed to filed the required documents. (D.I. 9) On October 27, 2004, Plaintiff filed a "Motion to Re-Open Case, and for Temporary Restraining Order." (D.I. 10) Plaintiff also filed a "Motion to Consolidate Cases, to Stay, [and] to Amend Heading." (D.I. 11) Plaintiff has not filed a certified copy of his prison trust account statement.

**B. Proctor v. Phelps, Civ. No. 04-946-JJF**

Plaintiff filed the Complaint in Proctor v. Phelps, Civ. No. 04-946-JJF on August 16, 2004. (D.I. 1) He requested leave to proceed in forma pauperis on August 23, 2004. (D.I. 3) On October 15, 2004, the Court denied Plaintiff leave to proceed in forma pauperis, and ordered him to pay the $150 filing fee within thirty days, or the Complaint would be dismissed. (D.I. 6) On October 15, 2004, Plaintiff filed a "Motion with Proposed Order to Consolidate Cases, to Stay, [and] to Amend Heading." (D.I. 7) On October 20, 2004, Plaintiff filed an amended Motion to Consolidate. (D.I. 8) On November 22, 2004, Plaintiff filed the second and third Motions to Consolidate. (D.I. 11; D.I. 12) Plaintiff has not paid the $150 filing fee.

**C. Proctor v. Faust, Civ. No. 04-1241-JJF**

Plaintiff filed the Complaint in Proctor v. Faust, Civ. No.

04-1241-JJF on September 7, 2004. (D.I. 2) On October 15, 2004, the Court denied Plaintiff leave to proceed in forma pauperis and ordered him to pay the $150 filing fee within thirty days, or the Complaint would be dismissed. (D.I. 4) On October 15, 2004, Plaintiff filed a "Motion with Proposed Order to Consolidate Cases, to Stay, [and] to Amend Heading." (D.I. 5) On October 20, 2004, Plaintiff filed an amended Motion to Consolidate. (D.I. 6) On November 22, 2004, Plaintiff filed the second and third Motions to Consolidate. (D.I. 10; D.I. 11) Plaintiff has not paid the $150 filing fee.

**D. Proctor v. Oney, Civ. No. 04-1242-JJF**

Plaintiff filed the Complaint in Proctor v. Oney, Civ. No. 02-1242-JJF on September 7, 2004. (D.I. 2) Plaintiff filed the "Motion to Consolidate Cases, to Stay, [and] to Amend Heading" on October 15, 2004. (D.I. 4) On October 18, 2004, the Court denied Plaintiff leave to proceed in forma pauperis and ordered him to pay the $150 filing fee within thirty days, or the Complaint would be dismissed. (D.I. 5) On October 20, 2004, Plaintiff filed an amended Motion to Consolidate. (D.I. 6) On November 29, 2004, Plaintiff filed a "Motion with Proposed Order for Relief." (D.I. 7) Plaintiff has not paid the $150 filing fee.

**E. Proctor v. Coventry, Civ. No. 04-1243-JJF**

Plaintiff filed the Complaint in Proctor v. Coventry, Civ.

No. 04-1243-JJF on September 7, 2004. (D.I. 2) On October 15, 2004, filed the "Motion to Consolidate Cases, to Stay, [and] to Amend Heading." (D.I. 4) On October 18, 2004, the Court granted Plaintiff leave to proceed in forma pauperis, assessed the $150 filing fee, and ordered him to file an Authorization Form within thirty days, or the Complaint would be dismissed. (D.I. 5) On October 20, 2004, Plaintiff filed an amended Motion to Consolidate. (D.I. 6) On November 22, 2004, Plaintiff filed the Authorization Form. (D.I. 8) On November 22, 2004, Plaintiff filed the second and third Motions to Consolidate. (D.I. 9; D.I. 10) The Court shall screen this Complaint in accordance with the provisions of 28 U.S.C. §§ 1915(2)(b)-1915A(b)(1) under a separate Order.

**F. Proctor v. McCain, Civ. No. 04-1370-JJF**

Finally, Plaintiff has filed Proctor v. McCain, Civ. No. 04-1370-JJF, D. Del. (filed October 20, 2004), along with an application to proceed in forma pauperis. (D.I. 1; D.I. 2) Plaintiff filed a "Motion to Consolidate Cases" on the same date. (D.I. 3)

## II. PLAINTIFF'S ALLEGATIONS

**A. Proctor v. Martin, Civ. No. 04-864-JJF**

Plaintiff alleges that on July 1, 2004, and July 2, 2004, Defendant Tim Martin ("Martin") denied him access to the law library regarding Plaintiff's "Florida Case." (D.I. 2 at 4)

Plaintiff further alleges that on July 2, 2004, he argued with several Correctional Officers regarding a law library appointment, and that after the argument, Defendants, Correctional Officer Woods ("Woods") and Correctional Officer Jones ("Jones") conducted a "shakedown" of his cell. (Id. at 6-8) Plaintiff alleges that Woods and Jones only searched his belongings, and not his cell mate's. (Id.) Plaintiff further alleges that Correctional Officer Scott ("Scott") ordered Woods and Jones to stop the search, and bring all the inmates on the tier to the "chow hall." (Id.) Plaintiff alleges that he told Defendant Lt. Salas ("Salas") about the "illegal shakedown." (Id.)

Plaintiff further alleges that after "chowhall," Woods and Jones came back on to the tier and yelled, "no rec yet thanks to Proctor. We've got to shake down two more cells." (Id. at 9) Next, Plaintiff alleges that after the "shakedowns," other inmates warned him to watch his back. (Id. at 10) Plaintiff alleges that he immediately locked himself in his cell and filed this complaint.

**B. Proctor v. Phelps, Civ. NO. 04-946-JJF**

Plaintiff alleges that on July 27, 2004, Defendants, Correctional Officer Phelphs ("Phelphs") and Sergeant Townsend ("Townsend") searched his cell during a "shakedown." (D.I. 2 at 3) Plaintiff further alleges that Phelphs and Townsend

deliberately "trashed" his cell during the search, deliberately poured water on his legal documents, and threw some of his personal property in the trash. (Id. at 3-18)

Next, Plaintiff alleges that when he complained about the nature and extent of the search, Phelps told Plaintiff that he would put Plaintiff "in the shower." (Id. at 5) Plaintiff alleges that both Phelps and Townsend ignored his pleas to stop, as well as his request to see Lt. Forbes. (Id. at 11) Plaintiff further alleges that Phelps and Townsend ordered him to lock himself in his cell at the end of the search. (Id. at 12) Finally, Plaintiff alleges that when he refused, Phelps advanced towards him "within striking distance," but did not hit him. (Id.)

**C. Proctor v. Faust, Civ. No. 04-1241-JJF**

Plaintiff alleges that on August 9, 2004, Defendant Sgt. W. Faust ("Faust"), refused to accept two "pay-toos" from Plaintiff, while Plaintiff was on the way to the "chowhall." (D.I. 2 at 3) Plaintiff further alleges that he complained to an unnamed Lieutenant, who was in a "chow-hall." (Id. at 4) However, Plaintiff also alleges that he did not know that his tier was in a different "chow-hall," and as a result, Faust gave him a 24 hour loss of privileges. (Id.) Plaintiff alleges that after he found out were his tier was located, he entered the correct "chowhall." (Id. at 5)

Next, Plaintiff alleges that Faust has him removed from the "chowhall," after talking to Defendant Correctional Officer Shaw ("Shaw"). (Id.) Specifically, Plaintiff alleges that Shaw, told him to "get up" as soon as he sat down to eat. (Id.) Plaintiff further alleges that Shaw removed him from the "chowhall," took him back to the tier, and into the control room. (Id. at 6) Plaintiff also alleges that Defendant Correctional Officer John Doe ("Doe") pulled on Plaintiff's arm and hurt him. (Id. at 7) However, Plaintiff alleges that he managed to free himself from Doe's grip, and locked himself in his cell. (Id.)

**D. Proctor v. Oney, Civ. No. 04-1242-JJF**

Plaintiff alleges that Defendant, Correctional Officer Woods ("Woods") ordered Defendant Correctional Officer Oney ("Oney"), to close a door while Plaintiff was in the doorway. (D.I. 2 at 3) Plaintiff further alleges that the door slammed on his hand. (Id.) Plaintiff next alleges that he was locked in his cell by the order of Defendant Lt. P. Harvey ("Harvey"). (Id.) Plaintiff alleges that because of the lock-in, he was denied access to the law library. (Id.) Finally, Plaintiff alleges that Woods spoke to him in "a manner that was done to instigate and advance an altercation." (Id. at 4)

**E. Proctor v. Coventry, Civ. No. 04-1243-JJF**

Plaintiff alleges that since August 9, 2004, the Correctional Officers assigned to the 12-8 shift have "started

incidents that are intended to provoke and start altercations." (D.I. 2 at 3) Plaintiff alleges that on August 18, 2004, he was trying to take a grievance off of the tier during the morning "chowhall," when Defendant Correctional Officer Coventry ("Coventry") accused him of trying to illegally take mail off of the tier. (Id.) Plaintiff asserts that inmates are not allowed to take mail off of the tier, but must place it in a box in the control room. (Id. at 3-4) Plaintiff alleges that before he could respond to the allegation, Coventry assaulted him by slamming him into a fence, and punching him in the chest. (Id.) Plaintiff further alleges that Defendant Correctional Officer Faust ("Faust") also struck him. (Id. at 5)

**F. Proctor v. McCain, Civ. No. 04-1370-JJF**

Plaintiff filed this Complaint on October 20, 2004, and has requested leave to proceed in forma pauperis. Plaintiff alleges that on May 9, 2004, Defendant Correctional Officer S. McCain ("McCain"), violated his constitutional rights by using excessive force against him during a "shakedown" of his cell. (D.I. 2 at 3-6) Plaintiff further alleges that McCain's actions are a "retaliatory nexus to access to the courts [sic]." (Id. at 6) Plaintiff also alleges that Defendant Brain Engrem ("Engrem") has violated his constitutional rights by denying him access to the courts. (Id. at 3) Plaintiff further alleges that Engrem is the source behind the "illegal shakedowns" of his cell. (Id.)

Plaintiff next alleges that he was initially denied medical treatment by Defendants, First Correctional Medical Inc., Dr. Brown ("Brown"), and Brenda Holwerda ("Holwerda"), after the assault. (Id. at 4-6) However, Plaintiff also alleges that he was hospitalized for six days as a result of his injuries incurred from the assault. (Id. at 4-5)

## III. DISCUSSION

### A. Consolidation

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact ... to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation sua sponte." Plimpton v. Cooper, 141 F.Supp.2d 573, 575 (W.D. N.C. 2001)(citing Pickle v. Char Lee Seafood, Inc., 174 F.3d 444 (4th Cir. 1999)). Plaintiff argues that his Complaints concern common questions of law and fact. He also argues that consolidation will save the Court time and money.

Although some of the Complaints concern incidents where Plaintiff's cell has been subject to "shakedown" searches by Correctional Officers, that does not necessarily mean his Complaints concern a common question of law or fact. It is clear that the "shakedowns" occurred over a period of several months. It is also clear that on several occasions, Plaintiff has had confrontations with Correctional Officers regarding both

"shakedown" searches and his access to the law library. However, other than Plaintiff's bare assertion that Engrem is the source of all his woes, nothing in the Complaints indicates that these cases concern a common question of law or fact.

Even though he is aware that he has "three strikes" under the Prisoner Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), Plaintiff has freely chosen to file this current series of Complaints. Consolidating these cases would improperly circumvent the express language and intent of the PLRA. See Shephard v. Edwards, No. C2-01-563, 2001 WL 1681145 (S.D. Oh. Aug. 30, 2001). Consequently, the Court shall deny Plaintiff's Motions to Consolidate these cases.

**B. Motion to Reopen**

The Court granted Plaintiff leave to proceed in forma pauperis in Proctor v. Martin, Civ. No. 04-864-JJF. Despite the Court's Order, Plaintiff failed to file the required certified copy of his prison trust account statement. Consequently, the Court dismissed the Complaint without prejudice. Although Plaintiff has continued to file numerous Complaints, to date, he has not filed the required certified copy of his prison trust account statement. Therefore, the Court shall deny his Motion to Reopen this case. Furthermore, because Plaintiff has failed to pay the required $150 filing fee, the Court shall dismiss the Plaintiff's Complaints in the following cases: Proctor v.

Phelps, Civ. No. 04-946-JJF, Proctor v. Faust, 04-1241-JJF and Proctor v. Oney, 04-1241-JJF.

**C. Motion for Leave to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

According to Plaintiff, McCain conducted a "shakedown" of his cell in May 2004. (D.I. 2 at 3) During the "shakedown," Plaintiff was assaulted by McCain, resulting in serious injury which required six days of hospitalization. (Id. At 10) Yet, Plaintiff, who is barred by the PLRA from filing in forma pauperis unless he is in imminent danger of serious physical injury or death *at the time he files the complaint*, waited *six months* to file this Complaint with the Court. See supra fn. 1; See also Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001)(*emphasis added*).

Clearly, Plaintiff's Complaint in Proctor v. McCain, Civ. No. 04-1370-JJF, does not meet that standard. Consequently, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be denied. However, Plaintiff, shall be given thirty (30) days from the date this Memorandum and Order is sent to pay the $150.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

THEREFORE, at Wilmington this 29 day of June, 2005, IT IS ORDERED that:

1. Plaintiff's "Motion to Amend Clerical Error" (D.I. 7) in Proctor v. Martin, Civ. No. 04-864-JJF, is MOOT.

2. Plaintiff's "Motion to Reopen Case, and for Temporary Restraining Order" (D.I. 10) in Proctor v. Martin, Civ. NO. 04-864-JJF is DENIED.

3. Plaintiff's Motions to Consolidate in the following cases are DENIED: Proctor v. Martin, Civ. NO. 04-864-JJF (D.I. 3); Proctor v. Phelps, Civ. No. 04-946-JJF (D.I. 7); Proctor v. Faust, Civ. No. 04-1241-JJF (D.I. 5); Proctor v. Oney, Civ. No. 04-1242-JJF (D.I. 4); Proctor v. Coventry, Civ. No. 04-1243-JJf (D.I. 4), and Proctor v. McCain, Civ No. 04-1370-JJF (D.I. 3).

4. Plaintiff's remaining Motions to Consolidate the following cases are MOOT: Proctor v. Martin, Civ. NO. 04-864-JJF (D.I. 11; D.I. 14; D.I. 15); Proctor v. Phelps, Civ. No. 04-946-

JJF (D.I. 8; D.I. 11; D.I. 12); Proctor v. Faust, Civ. No. 04-1241-JJF (D.I. 6; D.I. 9; D.I. 10; D.I. 11); Proctor v. Oney, Civ. No. 04-1242-JJF (D.I. 6; D.I.7); and Proctor v. Coventry, Civ. No. 04-1243-JJF (D.I. 6; D.I. 9; D.I. 10).

5. Plaintiff's Complaint in Proctor v. Phelps, Civ. No. 04-946-JJF is DISMISSED without prejudice for failure to pay the $150 filing fee.

6. Plaintiff's Complaint in Proctor v. Faust, Civ. No. 04-1241-JJF is DISMISSED without prejudice for failure to pay the $150 filing fee.

7. Plaintiff's Complaint in Proctor v. Oney, Civ. No. 04-1242-JJF is DISMISSED without prejudice for failure to pay the $150 filing fee.

8. Plaintiff's Motion to Proceed In Forma Pauperis in Proctor v. McCain, Civ No. 04-1370-JJF is DENIED. Plaintiff shall pay the $150 filing fee within thirty days from the date this order is sent, or the Complaint shall be dismissed.

DATED: 6/29/05

Joseph J. Farnan Jr.
United States District Judge